IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Athena R. Benton,<br><br>    Plaintiff,<br><br>vs.<br><br>Belk, Inc., Ginger Olszewski, Jane Doe,<br>John Doe,<br><br>    Defendants. | Civil Action No. 9:12-766-RMG-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendant Ginger Olszewski's motion to dismiss [Doc. 13], pursuant to Federal Rule of Civil Procedure 12. The plaintiff alleges violations of the American with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

## **FACTUAL BACKGROUND**

The plaintiff was formerly a cosmetic counter manager for Defendant Belk. Her immediate supervisor was Ginger Olszewski. The plaintiff generally alleges numerous instances of harassment and retaliation by the defendants for having to accommodate her Crohn's Disease and for her having taken FMLA leave.

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

**DISCUSSION**

Defendant Ginger Olszewski has moved for dismissal of the ADA and FMLA claims against her. The plaintiff concedes the ADA claim. (Pl. Resp. at 1-2.) That cause should be dismissed, therefore.

The plaintiff, however, resists that Olszewski is not subject to individual liability under the FMLA. Whether the FMLA imposes liability on private employee supervisors in their individual capacities is an open question in this Circuit. *See Jones v. Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. 2010); *Lizzi v. Alexander*, 255 F.3d 128, 136 n.1 (4th Cir.2001) ("[W]e do not address the question of whether, in an action against a private employer, an individual supervisor is subject to personal liability for violating the FMLA."); *Hukill v. Auto*

2

*Care, Inc.*, 192 F.3d 437, 441 n. 5 (4th Cir.1999) ( "The district court did not squarely address whether McGillicuddy was subject to individual liability under the FMLA. We note that this court has not addressed this issue and need not address it today.").

In interpreting the statutory language, however, a majority of federal courts addressing the issue have concluded that individuals may be held liable under the FMLA. *See, e.g.*, *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La.2004) (noting that the majority of courts facing the issue have found that supervisors may be held individually liable for FMLA violations); *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 776 (M.D.N.C.2000) (noting that the structure of the FMLA indicated an intent to provide individual liability for "persons acting on behalf of private employers" in order to avoid circumvention of the law).

It appears that nearly all the relevant circuit courts of appeals decisions principally concern individual liability under the Act for *public* employees and, therefore, do not well inform the inquiry. *See Modica v. Taylor*, 465 F.3d 174, 184–87 (5th Cir.2006); *Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir.2003) ("As under the FLSA, individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of the FMLA."); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir.2002) (noting that private sector employees are subject to liability under the FMLA for actions taken "in the interest of an employer to any employees of such employer."). The Court, however, for purposes of this motion to dismiss, would follow the majority rule, well reasoned, among the district courts. The defendant does not argue that no individual liability is available. Rather, she contends that it does not exist here.

To that end, the parties admit, for an individual to be liable under the FMLA, a fact finder must conclude that the individual has "sufficient responsibility or stature within [the defendant employer] to warrant the imposition of personal liability under the FMLA." *Williamson v. Deluxe Fin. Servs.*, Inc., 2005 WL 1593603, at *9 (D. Kan. July 6, 2005). The

3

federal regulations provide that this definition applies to "individuals such as corporate officers acting in the interest of an employer." 29 C.F.R. § 825.104(d). Some courts have concluded that "the test for [individual FMLA] liability is whether the defendant had the ability to control, in whole or in part, whether the plaintiff could take a leave of absence and return to the position." *Oby*, 329 F. Supp. 2d at 788; *see also Brown v. CBK*, 2005 WL 3263873, at *2 (W.D. Tenn. Nov. 28, 2005) ("[T]he FMLA has been interpreted to impose individual liability on employees of covered private sector employers if the employee exercises an adequate amount of control over the plaintiffs ability to exercise his or her FMLA rights.").

This focus on the individual supervisor's control over a plaintiff's FMLA rights seems right and a view essentially agreed to by the parties. The question, however, is whether the plaintiff's allegations against Defendant Olszewski, if believed, establish that sort of relationship between her and the plaintiff's FMLA rights. It is a close call.

The plaintiff has made numerous, serious, and specific allegations of harassment and retaliation by Olszewski against her. (Compl. ¶¶ 21-31.) And, while many of those alleged actions affected the plaintiff's free exercise of her FMLA rights, none of them precisely indicate that Olszewski had some sort of authority to make actual decisions concerning the plaintiff's FMLA or otherwise manage her leave. Such authority or involvement appears to be the touchstone. *See, e.g., Brewer v. Jefferson-Pilot Standard Life Ins. Co.*, 333 F. Supp. 2d 433, 437 (M.D.N.C. 2004) ("Ms. Brewer alleges in her Complaint that Ms. Cooper, the Senior Human Resources Manager at Jefferson-Pilot, controlled the paperwork involved in Ms. Brewer's medical leave. Ms. Brewer claims that she submitted medical status reports to Ms. Cooper, and that it was Ms. Cooper who asked Ms. Brewer's doctors to complete medical certification forms. Ms. Brewer also alleges that it was Ms. Cooper who directly accused Ms. Brewer of lying about her medical condition and who fired her.")

4

It is typically not enough that an individual was "a front-line supervisor." *See Brunelle v. Cytec Plastics, Inc.*, 225 F. Supp. 2d 67, 81 (D. Me. 2002). While Olszewski is accused of improperly "writing-up" the plaintiff and personally inconveniencing her by removing a fan from her office or not providing customer gifts, it is nowhere alleged that Olszewski had actual power over the plaintiff's FMLA or that she was specifically involved in the administration of it. The plaintiff contends that she *has* specifically alleged such participation – that Olszewski denied her leave. (Pl. Resp. at 2 (citing Compl. ¶¶ 22, 24, 26, 27, 28, 29.) The Court does not see it.

Typically, the Court would give opportunity to amend. The plaintiff, however, represents that the "Complaint contains all information currently known and/or available to Plaintiff concerning Defendant Olszewski's job title, job duties, responsibilities and authority for any personnel matters." *Id*. Accordingly, there seems to be nothing to append.

The Court certainly agrees that Olszewski's actual involvement and whether that involvement is sufficient to impose liability is a factual matter. But, there must be threshold allegation of duty and responsibility in FMLA before the plaintiff may proceed in litigation on that claim or present to the jury the factual question.

Because the plaintiff claims to have alleged Olszewski's control over FMLA and because the presence of such allegation is less than clear to the Court, maybe occasion to make a more definite statement might be useful. Accordingly, if there exists information about Olszewski's involvement in the administration of the plaintiff's FMLA that has simply not been clearly included, the plaintiff may cure her pleading. But, the Court warns that any amendment at this juncture will be even more closely scrutinized for compliance with counsel's obligations pursuant to Federal Rule of Civil Procedure 11 and as an officer of the Court, generally. No generalized allegation should be made with the hopes that future discovery will fill in blanks. And, of course, the truth, itself, should not be stretched. The

5

plaintiff should allege her knowledge as to the facts surrounding Olszewski's responsibilities in FMLA. To the extent she cannot, the claim against her should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that Defendant Olszewski's motion to dismiss [Doc. 13] should be GRANTED in part and DENIED in part. Specifically, the defendant's motion as to the plaintiff's ADA claim should be GRANTED. With respect to the plaintiff's FMLA claim, the motion should be DENIED subject to the effectiveness of any amendment by the plaintiff. The plaintiff should be afforded fifteen (15) days, from the district court's decision concerning this recommendation, to amend her Complaint consistent herewith.

IT IS SO RECOMMENDED

s/Bruce H. Hendricks
United States Magistrate Judge

September 20, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).